```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

THADDEUS TAYLOR,                    :

    _Plaintiff,                     :

         v.                         : No. 3:96CV901(WIG)

JOHN ARMSTRONG, ET AL.,             :

    Defendants.                     :

------------------------------X
```

## Ruling on Pending Motions

Plaintiff has filed a "Motion for Temporary Injunction Order" **[Doc. # 205]**, asking this Court to direct the Connecticut Department of Corrections (CT-DOC) to transfer Plaintiff from Rhode Island back to CT-DOC custody immediately.  Plaintiff alleges that his transfer to Rhode Island was a "retaliatory transfer."  In this motion and in a related motion, entitled "Motion for Sanctions Against CT-DOC: Contempt of Court" **[Doc. # 203]**, Plaintiff further alleges that he has been denied access to his legal case files in contravention of this Court's Order.  He asks that he be allowed access to all of his legal case files and, in the interests of judicial economy, asks that this Court enter an order in this case, as well as all[1] of his pending

---

[1] The Court notes that this list does not include all of the cases filed by the Plaintiff.  In fact, two of his most recent cases, Taylor v. Morano, 3:05CV288(DJS), and Taylor v. Rhode Island Department of Corrections, 3:05CV 747(DJS), raise this same issue.

1

cases, including Taylor v. Armstrong, No. 3:97CV973(WIG), Taylor v. Dzurenda, 3:04CV2071(DJS), Taylor v. Rell, 3:04CV1798(DJS), Taylor v. Lantz, 3:04CV1838(DJS), and the state court cases, Taylor v. Corrections, CV-01-0452868, and State v. Taylor, CR6-434841.

Defendants insist that his transfer out of state was for safety and security reasons, because Plaintiff was a former correctional officer, and that he has had access to his 20 boxes of legal files but has failed to request that any of the boxes be provided to him in his prison cell.

Plaintiff responds that the files with which he is concerned are the 28 boxes that the Public Defender's Office attempted to return to the CT-DOC, which DOC refused to accept, and that the 20 files now located in Rhode Island pertain to other cases.

With respect to Plaintiff's claim that his transfer was in retaliation for his exercising his legal rights, this matter is outside the scope of this Court's jurisdiction.  The instant case involved a claim of employment discrimination.  This new claim of retaliatory transfer would have to be presented in a separate law suit and is not properly before this Court in this case.

As to Plaintiff's claims that he has been denied access to his legal files, this matter was addressed in this Court's ruling of April 1, 2005, denying a similar request made by Plaintiff in a letter motion dated March 13, 2005.  For the same reasons,

these motions will be denied.  Additionally, the Court notes that it has no authority or jurisdiction to enter an order in any case that has not been specifically referred to the Undersigned, and has absolutely no authority to enter an order in the state court cases.

Therefore, Plaintiff's Motion for Sanctions and Contempt **[Doc. # 203]** and Plaintiff's Motion for Temporary Injunction **[Doc. # 205]** are DENIED.

SO ORDERED, this   29th   day of June, 2005, at Bridgeport, Connecticut.

                          */s/ William I. Garfinkel*
                          WILLIAM I. GARFINKEL,
                          United States Magistrate Judge